IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CR-107-FL-2
NO. 4:13-CV-153-FL

| | | |
|---|---|---|
| RENATO TORRES-EGUINO, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 63, 67), and the government's motion to dismiss (DE 73). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge James E. Gates, entered a memorandum and recommendation ("M&R") (DE 132), following evidentiary hearing, wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion. Petitioner filed objections to the M&R untimely upon leave of court. In this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, denies petitioner's 2255 motion, and grants respondent's motion.

**BACKGROUND**

Petitioner pleaded guilty on December 12, 2011, pursuant to a plea agreement, to conspiracy to distribute and possess with the intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 846. The court sentenced petitioner on July 10, 2012, to a term of imprisonment of 236 months. Petitioner did not appeal.

Petitioner filed the instant motion to vacate on June 21, 2013, asserting claims based upon ineffective assistance of counsel for failure to file a notice of appeal. The government filed the instant motion to dismiss on October 11, 2013. The magistrate judge held an evidentiary hearing on September 23, 2014, with petitioner represented by counsel, and post-hearing supplemental briefing concluded on January 16, 2015. The magistrate judge entered M&R on March 15, 2016. Without any timely objections to the M&R, the court entered judgment on April 8, 2016. Petitioner moved to reconsider and sought to file objections. The court granted the motion to reconsider and allowed petitioner to file objections to the M&R. Within the time period ordered, on May 31, 2016, petitioner filed objections.

## COURT'S DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

B. Analysis

Petitioner objects to the magistrate judge's evaluation of petitioner's claims that (1) trial counsel failed to file an appeal when requested to do so, and (2) trial counsel failed to consult effectively with petitioner about an appeal.

"[W]here [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000)). Further, "[o]nce [a defendant] unequivocally instructed his attorney to file a timely notice of appeal, his attorney [is] under an obligation to do so," and if no such appeal was filed, "his attorney acted in a professionally unreasonable manner." Id.

Accordingly, "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. The nature of the hearing is "a simple evidentiary hearing" "to determine whether [the defendant] unequivocally instructed his attorney to file a notice of appeal." Id. at 272, 273. "If his attorney was so instructed, [the defendant] is to be allowed a direct appeal." Id. at 273. "If his attorney was not so instructed, the court will have to determine if [the defendant] met his burden of showing that: (1) his attorney had a duty to consult

under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations." Id.

In this case, the magistrate judge correctly determined based upon the record and evidence presented at evidentiary hearing that petitioner did not unequivocally instruct his attorney to file an appeal. At a post-sentencing meeting with counsel, petitioner stated "help me" to counsel, but he did not ask counsel to file an appeal. (Evid. Hrg. Tr. (DE 116) at 15, 22, 24). Petitioner did not request an appeal at any point thereafter. (Id. 18, 19, 23). Counsel also testified that petitioner did not ask him to file an appeal. (Id. 35, 36, 39). Accordingly, petitioner's claim that trial counsel failed to file an appeal when requested to do so is without merit and must be denied.

The remaining inquiry is whether trial counsel failed to consult properly with petitioner about and appeal and whether petitioner was prejudiced by a failure to do so. See Poindexter, 492 F.3d at 273. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe, 528 U.S. at 480.

"Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. "Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Id. "Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would

have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." Id.

Based on the record in the instant matter, there is no reason to think that a rational defendant would want to appeal, in light of the circumstances presented to counsel following sentencing. Under the terms of petitioner's guilty plea, petitioner waived all rights "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing." (DE 30 at 1). Petitioner in fact received a sentence within, and directly at the middle of, the applicable advisory Guideline range established at sentencing (210 to 262 months). (See Sentencing Tr. (DE 62) at 33-34). Petitioner's sentence is "presumptively reasonable." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). Accordingly, because of the plea waiver and the sentence within guidelines range, counsel did not have a duty to consult with petitioner about an appeal because there is no "reason to think . . . that a rational defendant would want to appeal." Roe, 528 U.S. at 480.

Petitioner also did not reasonably demonstrate to counsel that he was interested in appealing. In light of all the factors set forth above, it was reasonable for counsel to interpret petitioner's post-sentencing request for "help" as a more general request for some way to lessen the term of imprisonment imposed. In light of all the circumstances, counsel reasonably advised that the best way to obtain a reduction was through cooperation with the government. (See Evid. Hrg. Tr. at 36). According to petitioner, counsel responded to petitioner's request for help by stating "the only way he could help me, [was] if [petitioner] gave information to the government" and petitioner "had to cooperate." (Evid. Hrg. Tr. at 16). Counsel describes his response in more detail, noting:

> Once again, we discussed the Rule 35 possibility but we talked about his disappointment in him not getting the 210 [month term of imprisonment]. I went through it with him. We talked about the appeal, once again, I repeated myself the three things he could appeal and they didn't exist, and his best avenue was a Rule 35 and, again, I thought he understood that.

(Evid. Hrg. Tr. at 36) (emphasis added). Considering the evidentiary hearing testimony together with the record, the court finds more credible counsel's account, in that he advised petitioner that the "best avenue" to obtain a sentence reduction was through cooperation with the government. (Id.).

Petitioner suggests that counsel unreasonably failed "to enlist the assistance of a Spanish interpreter to discovery whether [petitioner] wanted to pursue an appeal." (DE 148 at 6). Viewing all the circumstances from the perspective of counsel at the time, however, counsel did not have reason to believe that a Spanish interpreter was necessary to discuss the issue of an appeal. Counsel knew that petitioner's appeal rights and plea waiver had been explained to petitioner several times prior counsel's post-sentencing meetings with petitioner. (Evid. Hrg. Tr. at 27-29, 33-35). Counsel furthermore had no reason to perceive that the presence of a Spanish interpreter would have changed his understanding of petitioner's wishes. (Tr. 41, 44-45). Regarding both the issue of whether petitioner requested an appeal and whether counsel sufficiently consulted with petitioner regarding an appeal, the court incorporates herein also the cogent findings of fact and conclusions of law set forth in the M&R addressing inconsistencies in petitioner's account and reasons for finding counsel's testimony more credible. (See DE 132 at 9-17).

In sum, petitioner has failed to establish by a preponderance of the evidence that (1) he unequivocally instructed counsel to file an appeal, or that (2) counsel failed to consult properly with petitioner regarding an appeal. Accordingly, the court denies petitioner's claims.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge (DE 132). The government's motion to dismiss (DE 73) is GRANTED. Petitioner's motion to vacate, set aside, or correct his sentence (DE 63, 67) is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of July, 2016.

LOUISE W. FLANAGAN
United States District Judge